O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| JOHN FAURE, | Case No. EDCV 11-1566-MLG |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff John Faure seeks judicial review of the Commissioner's denial of his application for Supplemental Security Income ("SSI") benefits under the Social Security Act. For the reasons stated below, the decision of the Commissioner is REVERSED and the matter is REMANDED for further proceedings consistent with this opinion.

**I. Factual and Procedural History**

Plaintiff was born on January 27, 1964. (Administrative Record ("AR") at 48.) He graduated from high school and completed two years of

college. (AR at 137.) Plaintiff has work experience as a baker, molder operator and sponge maker. (AR at 133.)

Plaintiff filed an application for benefits on May 6, 2008, alleging disability since April 19, 2006, due to disorders of the muscle, ligament and fascia. (AR at 14, 48.) Plaintiff's application was denied initially on July 28, 2008 and upon reconsideration on October 16, 2008. (AR at 50-53, 57-61.) An administrative hearing was held on December 9, 2009, before Administrative Law Judge ("ALJ") F. Keith Varni, at which Plaintiff, represented by counsel, testified. (AR at 33-47.)

On January 13, 2010, ALJ Varni denied Plaintiff's application for benefits. (AR at 14-26.) The ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset dat. (AR at 16.) The ALJ further found that the medical evidence established that Plaintiff suffered from a severe impairment of the musculoskeletal system. (Id.) However, the ALJ concluded that Plaintiff's impairments did not meet, or were not medically equal to, one of the impairments listed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (AR at 18.) The ALJ concluded that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of light work with the following limitations: "The claimant may perform occasional postural activities, but is precluded from climbing ladders, ropes or scaffolds and working on uneven terrain. The claimant is limited to frequent reaching with the left upper extremity." (AR at 18-19.)

The ALJ found that Plaintiff was unable to perform his past relevant work as a bakery worker. (AR at 25.) However, relying on the Medical-Vocational Guidelines (the "grids"), the ALJ found that there were jobs that exist in significant numbers in the national economy that

Plaintiff could perform (20 C.F.R. 404.1569, 404.1569(a)). (Id.) The ALJ concluded that Plaintiff was therefore not disabled within the meaning of the Social Security Act. (AR at 26.)

On July 29, 2011, the Appeals Council denied review (AR at 1-3), and Plaintiff timely commenced this action for judicial review. On April 6, 2012, the parties filed a Joint Stipulation ("Joint Stip.") of disputed facts and issues. Plaintiff contends that the ALJ erred by: (1) improperly relying on the grids in concluding that there were a significant number of jobs in the national economy that Plaintiff could perform, and (2) failing to properly consider Plaintiff's subjective pain testimony. (Joint Stip. at 2.) Plaintiff asks the Court to reverse the decision and order an award of benefits, or in the alternative, remand for further administrative proceedings. (Joint Stip. at 16.) The Commissioner requests that the ALJ's decision be affirmed. (Id.)

After reviewing the parties' respective contentions and the record as a whole, the Court finds Plaintiff's contention regarding the ALJ's error in relying on the medical-vocational to be meritorious and remands this matter for further proceedings consistent with this opinion.[1]

**II. Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Social Security Commissioner's decision to deny benefits. The Court must uphold the Social Security Administration's disability determination unless it is not supported by substantial evidence or is based on legal error.

---

[1] The Court will only address the ALJ's reliance on the grids in detail. However, as noted above, Plaintiff also contends that the ALJ failed to make proper credibility findings. Because the ALJ erred by improperly relying on the grids, the Court does not reach this issue and will not decide whether it would independently warrant relief.

*Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)(citing *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006)). Substantial evidence means more than a scintilla, but less than a preponderance; it is evidence that "a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)(citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute [its] judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

**III. Discussion**

Plaintiff contends that the ALJ erred by neglecting to obtain vocational expert testimony on the issue of whether there existed work in the national economy that Plaintiff could perform given his limitations, and instead relying solely on the medical-vocational guidelines. (Joint Stip. at 3.) The Court agrees.

Once a claimant has demonstrated the existence of a severe impairment that precludes him from doing past work, the burden shifts to the Commissioner to demonstrate that there are a significant number of jobs in the national economy that the claimant can perform despite his impairment. *Burkhart v. Bowen*, 856 F.2d 1335, 1340 (9th Cir. 1988). The Commissioner may satisfy this burden by: (1) taking the testimony of a vocational expert or (2) applying the grids at 20 C.F.R., Part 404,

Subpart P, Appendix 2. *Id.*

The grids provide a system "for disposing of cases that involve substantially uniform levels of impairment." *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 578 (9th Cir. 1988) (Pregerson, J., concurring). The grids categorize jobs by three physical-exertional requirements: "[m]aximum sustained work capacity limited to sedentary work," "[m]aximum sustained work capacity limited to light work," and "[m]aximum sustained work capacity limited to medium work." *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999). These exertional levels are further divided by a claimant's age, education, and work experience. *Id.* The grids direct a finding of "disabled" or "not disabled" depending on a claimaint's particular combination of factors. *Id.*

There are "strict limits on when the Secretary may rely on the Guidelines." *Desrosiers*, 846 F.2d at 578 (Pregerson, J., concurring). An ALJ may only substitute the grids for vocational expert testimony when they "*completely and accurately* represent a claimant's limitations." *Tackett*, 180 F.3d at 1101 (emphasis in original); *see also Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). This means that "a claimant must be able to perform the *full range* of jobs in a given [exertional] category" for the grids to apply. *Tackett*, 180 F.2d at 1101 (emphasis in original); *see also Burkhart*, 856 F.2d at 1340. Because "the grids are predicated on a claimant suffering from an impairment which manifests itself by limitations in meeting the strength requirements of jobs[,] they may not be fully applicable" for a claimant's non-exertional limitations. *Lounsberry v. Barnhart*, 468 F.3d 1111, 1115 (9th Cir. 2006). The mere allegation of a nonexertional limitation, however, does not preclude the use of the grids. For the grids to be inadequate, the nonexertional limitation must be

5

"'sufficiently severe so as to significantly limit the range of work permitted by the claimant's exertional limitations.'" *Hoopai v. Astrue*, 499 F.3d 1071, 1075 (9th Cir. 2007) (quoting *Burkhart*, 856 F.2d at 1340); *see also Desrosiers*, 846 F.2d at 577. When "a claimant's nonexertional limitations are in themselves enough to limit his range of work, the grids do not apply, and the testimony of a vocational expert is required to identify specific jobs within the claimant's abilities." *Polny v. Bowen*, 864 F.2d 661, 663-64 (9th Cir. 1988).

In the present case, the ALJ concluded that Plaintiff retained the RFC to perform a full range of light work with the limitation "to frequent reaching with the left upper extremity." (AR at 19.) Difficulty in reaching is considered a nonexertional limitation. 20 C.F.R. § 416.969a(c). Instead of taking vocational expert testimony, the ALJ merely stated that "the additional limitation on reaching with the left upper extremity has little or no effect on the occupational base of unskilled light work." (AR at 25.) However, contrary to the ALJ's assertion, reaching is "required in almost all jobs," at all exertional levels and "significant" limitations on reaching "may eliminate a large number of occupations a person could otherwise do." SSR 85-15, 1985 WL 56857 at *7. Moreover, "varying degrees of limitations [in reaching] would have different effects, and the assistance of a vocational specialist may be needed to determine the effects of the limitations." (Id.)

It appears that the grids do not "completely and accurately" describe Plaintiff's nonexertional limitation on reaching, and therefore it was improper for the ALJ to rely on the grids at step five rather than taking vocational expert testimony. *See, e.g.*, *Tackett*, 180 F.3d at 1103-04 (vocational expert testimony necessary because claimant's need

to shift, stand up, or walk around every thirty minutes is significant nonexertional limitation not contemplated by grids); *Burkhart*, 856 F.2d at 1341 & n.4 (grids inapplicable because they did not account for the claimaint's need to avoid stressful environments, his inability to regularly use his hands, or his vision problems).

The ALJ did not specifically identify any jobs that Plaintiff was capable of performing given his nonexertional limitation. This was insufficient to meet the Commissioner's burden at step five. The ALJ should have had a vocational expert testify as to whether there were jobs in the national economy that Plaintiff could perform despite his specific nonexertional limitation. Accordingly, the matter shall be remanded for that purpose.

**IV. Conclusion**

For the reasons stated above, the decision of the Social Security Commissioner is REVERSED and REMANDED for further proceedings consistent with this opinion.

DATED: April 16, 2012

                                             _____
                                             MARC L. GOLDMAN
                                             United States Magistrate Judge